IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OLIVER A. PENTINMAKI JR.,

                 Plaintiff,

    v.

Warden DEIDRE MORGAN,
Security Director THELEN,
Captain SPROELICH, Captain BUETTNER,
Lt. ALBERTS, Sgt. KELLY, Sgt. HAVENS,
Officer PAYNE, DEBRA LANCE,
Dr. EUGENE WALL, Dr. JANET WALSH,
Warden (Director) BYRAN BARTOW,
Deputy Director THOMAS SPEECH,
SCOTT BOEVERS, THERESA BARWELL,
STEVE SPANBAUER, Dr. GANNON and
RICK RAEMISCH,

                 Defendants.

ORDER

10-cv-194-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Oliver Pentinmaki has filed a 33-page, typed, single-spaced complaint in which he contends that prison officials at the Oakhill Correctional Institution and the Wisconsin Resource Center violated his constitutional rights in numerous ways in 2009 and 2010. Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1). Because plaintiff is a prisoner, I am required under the 1996 Prison

1

Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

Complaints as long and complicated as plaintiff's are often riddled with procedural problems. This one is no exception. Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because his complaint does not comply with the Federal Rules of Civil Procedure.

Plaintiff's first problem is that he has tried to cram multiple lawsuits into one.  The complaint is divided into 21 "incidents," many of which refer not to a single event, but to a long string of acts by many different defendants.  The "incidents" occurred at two different institutions and involve different defendants and unrelated claims.  For example, in one of plaintiff's claims, he alleges that defendants Janet Walsh and Eugene Wall subjected him to various conditions of confinement that violated his right to be free from cruel and unusual punishment; in another claim, plaintiff alleges that defendant Kelly issued him a false conduct report.  Including all these unrelated claims against different defendants in the same complaint violates Fed. R. Civ. P. 20.

Under Fed. R. Civ. P. 20, a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a

2

plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that both arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978). In other words, the plaintiff may assert claims against more than one defendant if he asserts that all of the defendants were involved in the same alleged wrongdoing.

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., Federal Practice & Procedure ), which means that the court must determine one central group of allowable defendants under Rule 20 before allowing a plaintiff to join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a plaintiff could have one lawsuit for breach of contract against defendants A, B, C and D and an unrelated lawsuit for personal injury against defendants A, B and Z. If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss defendants C and D from the first lawsuit or he

3

would have to dismiss defendant Z from the second lawsuit. In this way, the same "core" of defendants (A and B) is common to both claims.

A second problem with many of plaintiff's claims is that they do not provide enough detail to give notice to defendants of what the claims are. This violates Fed. R. Civ. 8, which requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the plaintiff must allege facts with enough specificity to "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In many instances, plaintiff's allegations do not meet this standard because he did not identify how a particular defendant was involved in an alleged violation or describe the facts underlying his claim. More generally, plaintiff's complaint was difficult to understand in many parts because it seemed that plaintiff was too focused on using "legal" language rather than simply telling the story of what happened to him.

Because plaintiff's complaint violates Rule 8 and Rule 20, I cannot allow plaintiff to proceed at this time, but I will give him an opportunity to amend his complaint. Although the complaint is deficient in too many respects to describe each problem in detail, I will give plaintiff some general guidelines to consider.

Rule 20 problems

- Plaintiff should not include claims at different prisons. These claims involve different facts and different decision makers so they do not belong in the same lawsuit.

- Plaintiff should limit his claims to one event or series of events unless he is suing the same defendants. For example, claims about loss of property against one set of defendants should not be included with claims against another set of defendants for a retaliatory conduct report. Even two claims about loss of property should not be part of the same lawsuits if they involve different property and different defendants.

Rule 8 problems

- Generally, plaintiff should clarify what his claims are. For example, in the beginning of his complaint, plaintiff summarizes "Incident 1" as "theft of coffee and popcorn." However, in the body of his complaint, "Incident 1" includes allegations of threats, verbal abuse and a long list of what seems to be grievances plaintiff filed. It is not clear whether these other allegations are claims or simply background information. Plaintiff should limit the information in his complaint to facts directly related to his claims.

- Plaintiff should identify clearly which defendants he means to sue and for which claim. He should explain in as much detail as he can who each defendant is and how each defendant was involved in an alleged violation. It is not enough for plaintiff to allege that "persons named in this action" violated his rights.

- If plaintiff believes that a particular defendant discriminated against him, he must allege facts showing that he was treated differently intentionally and that the defendant had no reasonable basis for the difference in treatment. St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007).

- If plaintiff believes that a particular defendant retaliated against him for exercising a constitutional right, such as the right to have access to the courts, plaintiff must identify what the conduct was that made defendant retaliate against him. That is, he must identify the lawsuit, grievance or other act that he believes is protected by the Constitution. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). In addition, he must explain *why* he believes his conduct was one of the reasons the defendant or defendants took a particular action against him. It is not enough for plaintiff to

5

include a conclusory allegation that a defendant's "intent was . . . revenge for the Plaintiff seeking legal recourse against Institution personnel." He must explain what "recourse" plaintiff took, who retaliated against him and how the person who retaliated against him knew about plaintiff's act of legal recourse.

- If plaintiff believes that certain conditions of confinement are unconstitutional, he must explain what those conditions are and how they are inadequate. It is not enough to allege that he was subjected to "torment" or was "refused medical treatment." What medical treatment did he need? What persons, if any, did he tell about his need for medical treatment? Did anyone respond? If so, who were they and what did they do for him or fail to do for him?

- More generally, plaintiff should avoid attempts to make his complaint sound more "legal." The complaint is not a brief or an argument. Rather, plaintiff should write his complaint as if he is telling a story to someone who knows nothing about it.

- Plaintiff should number each paragraph of his complaint. This makes it easier for defendants to respond to each paragraph in their answer.

Because plaintiff's complaint has so many procedural problems, I have not screened it in accordance with 28 U.S.C. § 1915(e)(2). However, I note one recurring substantive problem in plaintiff's complaint because it may be important to deciding which claims plaintiff wishes to include in an amended complaint. In many instances in his complaint, plaintiff alleges that different inmate complaint examiners rejected a grievance or an appeal of a grievance because it was untimely or violated another procedural rule. Under most circumstances, rejecting a grievance is not a constitutional violation. <u>Burks v. Raemisch</u>, 555 F.3d 592, 594-95 (7th Cir. 2009). <u>See also</u> <u>George</u>, 507 F.3d 605 at 610 ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the

6

violation."). If a prison official made a mistake in concluding that plaintiff's grievance was deficient, this might support an argument that any claims included in that grievance are not subject to dismissal under 42 U.S.C. § 1997e(a) for plaintiff's failure to complete the grievance process. However, it would not give rise to a separate claim against the examiner.

ORDER

IT IS ORDERED that plaintiff Oliver Pentinmaki's complaint is DISMISSED for plaintiff's failure to comply with Fed. R. Civ. P. 8 and 20. Plaintiff may have until June 7, 2010 to file an amended complaint that complies with the rules. If plaintiff does not respond by that date, the clerk of court is directed to close the case.

Entered this 24th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge