IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OLIVER A. PENTINMAKI, JR.,

                       Plaintiff,

     v.

Warden DEIDRE MORGAN,
Security Director THELEN,
Captain SPROELICH, Captain BUETTNER,
Lt. ALBERTS, Sgt. KELLY, Sgt. HAVENS,
Officer PAYNE, DEBRA LANCE,
Dr. EUGENE WALL, Dr. JANET WALSH,
Warden (Director) BYRAN BARTOW,
Deputy Director THOMAS SPEECH,
SCOTT BOEVERS, THERESA BARWELL,
STEVE SPANBAUER, Dr. GANNON and
RICK RAEMISCH,

                       Defendants.

ORDER

10-cv-194-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated May 25, 2010, I dismissed plaintiff Oliver Pentinmaki's complaint because it violates Fed. R. Civ. P. 8 and 20. I gave him until June 7, 2010 to file an amended complaint that complies with the federal rules. Later the same day, plaintiff filed three motions with the court: (1) a motion for leave to amend his complaint, together with proposed amendments to the complaint; (2) a motion "for preservation of evidence;" and

1

(3) a motion "for protective transfer." Dkt. ## 11, 12 and 13. Each of these motions will be denied.

Plaintiff's motion for leave to amend crossed in the mail with the court's order directing plaintiff to fix the many deficiencies in his original complaint. Unfortunately, plaintiff's proposed amendments do not solve any of those problems, so I cannot consider them. An additional problem with plaintiff's proposed amendments is that they are not part of an amended complaint that can stand on its own. Instead, plaintiff has simply included an additional 12 pages of allegations.

When a plaintiff wishes to amend his complaint, he must start over with a new document. He cannot add new allegations in piecemeal fashion every time something new occurs to him. If that were permitted, the complaint would be a moving target, constantly changing and made up of many documents. Thus, if plaintiff chooses to attempt to file a complaint that complies with Rule 8 and Rule 20, he must file a new document that includes all the information he wishes the court and defendants to consider. He may not refer to his original complaint.

In plaintiff's motion "for preservation of evidence," he argues that video taken by cameras at the Oakhill Correctional Institution is relevant to this case. He asks the court for an order "to preserve all information including video and sound recorded by the camera" from September 1, 2009, to September 9, 2009. That motion will be denied as premature.

2

It will be impossible to determine what evidence is relevant to this case until plaintiff files a new complaint that complies with the federal rules. If plaintiff's amended complaint survives screening under 28 U.S.C. § 1915, a preliminary pretrial conference will be scheduled in which the magistrate judge will explain to the parties how the discovery process works. At that time plaintiff may make a discovery request for any piece of evidence he believes is relevant to this case, following the Federal Rules of Civil Procedure 26 through 37. Plaintiff identifies no reason to believe that defendants will destroy any relevant evidence before that time. All parties have an obligation to preserve evidence that is relevant to the case they are litigating. Park v. City of Chicago, 297 F.3d 606, 614-15 (7th Cir. 2002).

Finally, plaintiff asks to be transferred from the Wisconsin Resource Center to the Fox Lake Correctional Institution because he "is likely to receive retribution [for this lawsuit] at the Wisconsin Resource Center." Dkt. #13. This court does not have the authority to transfer plaintiff to the prison of his choice, particularly when plaintiff fails to identify any specific facts that would support the need for a transfer. If plaintiff believes that prison officials are beginning to retaliate against him for filing this lawsuit and he has evidence that the lawsuit is the reason for the poor treatment, he may file a new lawsuit in which he raises that claim, *after* he exhausts his administrative remedies by completing the grievance process.

ORDER

IT IS ORDERED that

1. Plaintiff Oliver Pentinmaki's motion for leave to file an amended complaint, dkt. #11, is DENIED. If plaintiff chooses to amend his complaint, it must comply with Fed. R. Civ. P. 8 and 20 as discussed in the May 25 order.

2. Plaintiff's motion "for preservation of evidence," dkt. #12, is DENIED as premature.

3. Plaintiff's motion "for protective transfer," dkt. #13, is DENIED.

Entered this 28th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4