IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OLIVER A. PENTINMAKI, JR.,

                Plaintiff,

      v.

Warden DEIDRE MORGAN,
Security Director THELEN,
Captain SPROELICH, Captain BUETTNER,
Lt. ALBERTS, Sgt. KELLY, Sgt. HAVENS,
Officer PAYNE, DEBRA LANCE,
Dr. EUGENE WALL, Dr. JANET WALSH,
Warden (Director) BYRAN BARTOW,
Deputy Director THOMAS SPEECH,
SCOTT BOEVERS, THERESA BARWELL,
STEVE SPANBAUER, Dr. GANNON and
RICK RAEMISCH,

                Defendants.

ORDER

10-cv-194-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Oliver Pentinmaki has filed a proposed amended complaint, as directed by

the court in an order dated May 25, 2010.  Dkt. #10.  I concluded that plaintiff's original

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

1

complaint violated Fed. R. Civ. P. 8 and 20 because it included numerous unrelated claims against different defendants and failed to provide enough facts to give defendants proper notice of their claims. Plaintiff's amended complaint is significantly shorter than the original (three pages instead of thirty three), but, unfortunately, it has the same problems as the first.

Plaintiff divides his claims into three paragraphs, but each paragraph involves a different set of defendants and completely unrelated claims. Of these three paragraphs, only one provides minimum notice of the facts underlying the claim. Plaintiff alleges that, in September 2009, defendant Lt. Alberts pushed him against the wall without provocation and then pushed him to the floor. Both defendant Alberts and defendant Payne "us[ed] the cuffed wrists of the Plaintiff to pull the Plaintiff's arms from their sockets." All the while Alberts and Payne were "being verbally abusive."

With respect to the other two paragraphs, plaintiff simply lists a number of defendants (not Alberts or Payne) and makes conclusory allegations that those defendants are responsible for various wrongs, none of which seem to be related to the alleged incident of excessive force. He does not explain *how* each defendant was involved in each wrong or provide any factual context for the conclusions in the complaint. For example, plaintiff alleges that a number of defendants "inflicted [plaintiff] with the onset of the life-long affliction of diabetic neuropathy." However, he fails to explain how any of the defendants are responsible for causing that condition or how they failed to treat it. Plaintiff failed to

heed the court's instruction in the May 25 order to "write his complaint as if he is telling a story to someone who knows nothing about it."

Plaintiff must make a choice about how he wishes to proceed.  If he wishes to proceed on his claim against Alberts and Payne, he must drop his other claims from this case.  If he makes that choice, he can pursue the other claims only by filing additional lawsuits.

If plaintiff wishes to pursue one of the other claims in the context of *this* lawsuit, he will have to file another amended complaint and drop his claim against defendants Alberts and Payne.  If he chooses to do that, the claims in the amended complaint must be limited to *one* set of defendants and the allegations must arise out of *one* occurrence or series of occurrences.  In addition, plaintiff will have to provide enough information in the complaint so that it can be determined what each defendant did to violate plaintiff's rights.

ORDER

IT IS ORDERED that plaintiff Oliver Pentinmaki may have until June 21, 2010 to make one of two choices: (1) inform the court in writing that he wishes to proceed against defendants Albert and Payne on his claim for excessive force and dismiss his other claims without prejudice to filing them in a separate lawsuit; OR (2) file an amended complaint that is limited to one set of defendants and one set of occurrences or series of occurrences and that describes the facts underlying each claim.  If plaintiff does not respond by June 21, the

clerk of court is directed to close the case.

Entered this 8th of June, 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge